FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 06, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

CARMEN M. N.,

       Plaintiff,

       v.

COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,

       Defendant.

No. 1:25-CV-03135-SAB

**ORDER REVERSING THE DECISION OF COMMISSIONER**

Plaintiff brings this action seeking judicial review of the Commissioner of Social Security's final decision denying his application for social security benefits. Plaintiff is represented by D. James Tree. The Commissioner is represented by Benjamin Groebner and Joseph P. Derrig. Pending before the Court are Plaintiff's Opening Brief, ECF No. 13, the Commissioner's Brief, ECF No. 15, and Plaintiff's Reply Brief, ECF No. 16.

After reviewing the administrative record, briefs filed by the parties, and applicable case law, the Court is fully informed. For the reasons set forth below, the Court reverses the Commissioner's decision and remands for an immediate award of benefits.

**I.    Jurisdiction**

Plaintiff filed application for disability insurance benefits on January 26, 2015, and an application for supplemental security income on March 22, 2017, alleging disability since January 26, 2015. In a prior decision the ALJ found

**ORDER REVERSING THE DECISION OF COMMISSIONER ~1**

Plaintiff disabled beginning December 18, 2018, but not disabled prior to that date. Plaintiff appealed the decision to the U.S. District Court for the Eastern District of Washington, and the case was remanded. *See Maria N. v. Commissioner*, 1:23-CV-3056-JAG.

On remand, a telephonic hearing was held on April 22, 2025. Plaintiff participated and was represented by D. James Tree and Robert Tree, and non-attorney representative, Justin Jerez. Michael Swanson also appeared at the hearing. On June 12, 2025, the ALJ issued an opinion, finding Plaintiff was not disabled from January 26, 2015 through December 17, 2018.

Plaintiff filed a timely appeal on August 18, 2025. ECF No. 1. The matter is before this Court pursuant to 42 U.S.C. § 405(g).

**II.     Five-Step Sequential Evaluation Process**

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if their impairments are of such severity that the claimant is not only unable to do their previous work, but cannot, considering claimant's age, education, and work experiences, engage in any other substantial gainful work that exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). The Commissioner has established a five-step sequential evaluation process to determine whether a person is disabled in the statute. *See* 20 C.F.R. § 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v).

**Step One**: Is the claimant engaged in substantial gainful activities? *Id.* § 404.1520(a)(4)(i), 416.920(a)(4)(i). Substantial gainful activity is work done for pay and requires compensation above the statutory minimum. *Keyes v. Sullivan*, 894 F.2d 1053, 1057 (9th Cir. 1990). If the claimant is engaged in substantial

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~2

activity, benefits are denied. *Id.* § 404.1520(b), 416.920(b). If the claimant is not, the ALJ proceeds to step two.

**Step Two**: Does the claimant have a medically-severe impairment or combination of impairments? *Id.* § 404.1520(a)(4)(ii), 416.920(a)(4)(ii). A severe impairment is one that lasted or must be expected to last for at least 12 months and must be proven through objective medical evidence. *Id.* §§ 404.1509, 416.909. If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. *Id.* §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the impairment is severe, the evaluation proceeds to the third step.

**Step Three**: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity? *Id.* § 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. *Id.* § 404.1520(d), 416.920(d). If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

Before proceeding to the fourth step, the ALJ must first determine the claimant's residual functional capacity (RFC). An individual's residual functional capacity is their ability to do physical and mental work activities on a sustained basis despite limitations from their impairments. *Id.* § 404.1545(a)(1), 416.945(a)(1). The RFC is relevant to both the fourth and fifth steps of the analysis.

**Step Four**: Does the impairment prevent the claimant from performing work they have performed in the past? *Id.* § 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is able to perform their previous work, they are not disabled. *Id.* § 404.1520(f), 416.920(f). If the claimant cannot perform this work, the evaluation proceeds to the fifth and final step.

**Step Five**: Is the claimant able to perform other work in the national

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~3

economy in view of their age, education, and work experience? *Id.* § 404.1520(a)(4)(v), 416.920(a)(4)(v). The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett v. Apfel*, 108 F.3d 1094, 1098 (9th Cir. 1999). This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in her previous occupation. *Id*. At step five, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful activity. *Id.*

### III.    Standard of Review

The Commissioner's determination will be set aside only when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992) (citing 42 U.S.C. § 405(g)). Substantial evidence is "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401 (1971), but "less than a preponderance," *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401.

A decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secr'y of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). An ALJ is allowed "inconsequential" errors as long as they are immaterial to the ultimate nondisability determination. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006). The court must uphold the ALJ's denial of benefits if the evidence is susceptible to more than one rational interpretation, one of which supports the decision of the administrative law judge. *Batson v. Barnhart*, 359 F.3d 1190, 1193 (9th Cir. 2004). It "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion, and may not affirm simply by isolating a specific quantum of supporting evidence." *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir.

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~4

2017) (quotation omitted). "If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019.

## IV.  Statement of Facts

The facts have been presented in the administrative record, the ALJ's decision, and the briefs to this Court. Only the most relevant facts are summarized here.

At the April 22, 2025 hearing, Plaintiff testified about her symptoms and limitations from January 2015 through 2018. She stated she was unable to work during that time because of chronic pain and pain in arms and hands that caused her to drop things. She stated she could not sit for long and she could not reach overhead. Her medications were making her sleepy. She described having good and bad days, but mostly bad days. She testified she would have difficulty showing up to work every day. She testified that she had surgery in 2019 on her right shoulder.

Plaintiff stopped working in 2015 after she fell off a chair at work, which exacerbated her back condition.

## V. The ALJ's Findings

The ALJ issued an opinion finding Plaintiff was not disabled at any time from January 26, 2015 through December 17, 2018. AR 3439-3454. At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since from January 26, 2015, the alleged onset date, through December 17, 2018. AR 3443.

At step two, the ALJ identified the following severe impairments: cervical and lumbar degenerative disk disease; right shoulder condition; obesity; and fibromyalgia. AR 3443.

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. AR 3444.

The ALJ concluded Plaintiff has an RFC to perform:

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~5

> light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she could occasionally stoop, and could frequently climb, balance, kneel, crouch, and crawl. She could have no concentrated exposure to vibration.

AR 3445.

At step four, the ALJ found Plaintiff has no past relevant work. AR 3452.

At step five, the ALJ found there were other jobs that existed in significant numbers in the national economy that she could perform, including Storage Rental Clerk. AR 3453. Consequently, the ALJ found that Plaintiff was not disabled from January 26, 2015, through December 17, 2018. AR 3453.

## VI. Issues

1.    Whether the ALJ properly evaluated Plaintiff's symptom testimony

2.    Whether the ALJ properly assessed the medical opinions

## VII. Discussion

The ultimate issue before the Court is somewhat unique and somewhat difficult to resolve. Plaintiff applied for disability benefits over ten years ago. She was successful in showing she was disabled beginning in 2018, but maintains her disability began in 2015. What makes this difficult to resolve is that the testimony she gave at the most recent hearing took place in 2024, yet it covered her activities and medical history beginning in 2015. Even so, the Court is in a position to find substantial evidence does not support the ALJ's decision that Plaintiff was not disabled between January 26, 2015 and December 17, 2018.

### 1.    **Plaintiff's Subjective Complaints**

Plaintiff argues the ALJ erred in discounting her subjective symptoms.

In determining whether a claimant's testimony regarding subjective pain or symptoms is credible, the ALJ engages in a two-step analysis. *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment

**ORDER REVERSING THE DECISION OF COMMISSIONER ~6**

which could reasonably be expected to produce the pain or other symptoms alleged." *Id*. (citation and quotation omitted). If the claimant satisfies the first step of the analysis, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of their symptoms "only by offering specific, clear and convincing reasons for doing so." *Id*. (citation and quotation omitted). "This is not an easy requirement to meet: The clear and convincing standard is the most demanding required in Social Security cases." *Id.* (citation and quotation omitted). That said, if the ALJ's credibility finding is supported by substantial evidence in the record, the Court may not engage in second-guessing. *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

The ALJ found Plaintiff's allegations of extreme limitations from persistent severe pain were not consistent with the evidence. The ALJ found there was evidence of symptom magnification regarding Plaintiff's subjective pain report, referring to Dr. Nadler's examination, physical therapists indicating Plaintiff demonstrate non-organic signs (Waddell's tests) and did not exhibit pain behaviors; Miguel Medrano, PA-C noted that Plaintiff did not make any grimaces from pain when ambulating and moved her upper and lower extremities, and then walked away without difficulty, and Dr. Motoghi noted Plaintiff did not put in effort, so it was difficult to obtain full physical examination The ALJ concluded Plaintiff was attempting to portray herself as more impaired than she actually was.

Also, the ALJ concluded the medical evidence was not consistent with the level of symptom severity and functional limitation alleged by Plaintiff. The ALJ theorized that the lack of missed appointments demonstrates that Plaintiff did not experience severe, chronic pain requiring her to rest on the couch most of the day.

The ALJ erred in discounting Plaintiff's symptom testimony by again failing to account for her diagnosis of fibromyalgia and as such, the findings and conclusions made by the ALJ are not supported by substantial evidence in the record. *See Maria N. v. O'Malley*, No. 23-cv-3056-JAG (E.D. Wash.). It is well-

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~7

established that fibromyalgia patients experience chronic pain, but their reflexes, muscle strength, joints and musculoskeletal exams appear normal. *Revels v. Berryhill*, 874 F.3d 648, 662 (9th Cir. 2017). The evidence in the record demonstrates that Plaintiff began to experience symptoms of fibromyalgia in 2014. Plaintiff's testimony at the hearing and to her treatment provides are consistent with the common knowledge that fibromyalgia symptoms can wax and wane, and a person with fibromyalgia may have bad days and good days. *See* Social Security Ruling ("SSR") 12-2p, 2012 WL 3104869, at *6 (noting that fibromyalgia symptoms can wax and wane and a person with fibromyalgia may have "bad days and good days."

Moreover, the ALJ's reliance on the findings of Waddell's signs by the physical therapists is not supported by substantial evidence. Also, Plaintiff's failure to show acute discomfort does not adequately account for the debilitating symptoms of a fibromyalgia diagnosis. Whether Plaintiff can attend medical appointment has little bearing on whether she is able to maintain an eight-to-five workday, five days a week.

The ALJ's rejection of Plaintiff's symptom testimony is not supported by substantial evidence, in light of the objective evidence in the record of the following:

- lumbar foraminal and central stenosis
- up to moderately-severe facet degenerative changes
- cervical disc bulges and arthropathy
- tenderness, limited upper extremity strength, limited lower extremity strength
- antalgic gait
- limited range of motion
- positive special tests
- decreased reflexes

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~8

- decreased sensation
- decreased reflexes

**2.        Evaluation of the Medical Opinions**

Because Plaintiff filed her application before March 27, 2017, the ALJ was required to generally give a treating doctor's opinion greater weight than an examining doctor's opinion, and an examining doctor's opinion greater weight than a non-examining doctor's opinion. *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). An ALJ may only reject the contradicted opinion of a treating or examining doctor by giving "specific and legitimate" reasons. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). "Only physicians and certain other qualified specialists are considered '[a]cceptable medical sources.'" *Ghanim v. Colvin*, 763 F.3d 1154, 1161 (9th Cir. 2014) (alteration in original). An ALJ may reject the opinion of a non-acceptable medical source by giving reasons germane to the opinion. *Id*. An ALJ may reject the opinion of a non-examining physician by reference to specific evidence in the medical record. *Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998) (citations omitted).

**Michels, ARNP, 2017 and 2019**

In August 2017, treating ARNP Michels opinioned that Plaintiff had marked limitations in marked limitations in sitting, standing, walking, lifting, carrying, handling, pushing, pulling, reaching, stooping, and crouching due to fibromyalgia and lumbago and stenosis with sciatica, and could perform sedentary work. The ALJ gave little weight to the opinion because Michels did not include a complete examination with objective findings, and the opinion was inconsistent with the longitudinal medical record and with Plaintiff's work history.

The ALJ failed to provide specific and legitimate evidence to reject ARNP Michels' opinion. A review of the report notes that Plaintiff told Michels her symptoms began around 2014, and Michels reviewed prior evidence of neurosurgical evaluations, epidural injections without relief, MRIs and

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~9

rheumatology evaluations. The ALJ erred in relying on Plaintiff's presentation with normal findings in discounting the opinion, given the fibromyalgia diagnosis.

The ALJ also erroneously relied on Plaintiff's work activity to reject Michels' opinion. This finding is not supported by substantial evidence because the record demonstrates her work at the Salvation Army was an unsuccessful work attempt. Finally, the ALJ erred in discounting Michels' 2019 opinion; instead, the opinion was consistent with the August 2017 opinion.

### Dr. Palasi, MD

The ALJ rejected Dr. Palasi's opinions for the same reasons as rejecting Michels. This was in err. Dr. Palasi found Plaintiff incapable of sustaining a 40-hour workweek or performing sedentary work since August 2016. The ALJ found the opinion was inconsistent with unremarkable findings throughout the longitudinal record. This was in err, given Plaintiff's fibromyalgia diagnosis, and Dr. Palasi's review of the relevant treating specialist's records.

### D. Ang, ARNP and J. Harvey, M.D.

In 2021, ARNP Ang assessed marked limitations in reaching and handling and finding Plaintiff was reduced to sedentary work. Dr. Harvey concluded that Plaintiff had to lay down 4-5 times per day for 10 minutes, would miss 4 or more days per month, and was incapable of even sedentary work.

The ALJ erred in rejecting these opinions. Although the opinions were issued after 2018, both providers found the limitations existed since at least 2015.

### Dr. Nadler and S. Jukich, DC

The ALJ erred in relying on statements from Dr. Nadler and Jukich that there was "exaggeration" given the a lack of objective findings because in doing it, the ALJ failed to appropriately consider the nature and symptoms of fibromyalgia. The report has limited relevancy because it was made in relationship to evaluating an L&I claim, and not fibromyalgia. Moreover, the ALR erred in failing to consider treating neurosurgeon Dr. Chang's opinion, who found 2/5 right leg

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~10

strength, an inability to heel and toe walk, degenerative changes and stenosis on the lumbar MRI and antalgic gait.

**VIII. Conclusion**

Here, if the ALJ properly credited the treating sources who assessed disability limitations beginning in 2015, it is clear the ALJ would have to find that Plaintiff was disabled beginning in 2015. As such, there is no need to develop the record or convene further administrative proceedings. *See Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014). Therefore, a remand for the immediate award of benefits is appropriate.

Accordingly, **IT IS HEREBY ORDERED:**

1.      For docket purposes, Plaintiff's Opening Brief, ECF No. 13, is **GRANTED**.

2.      For docket purposes, the Commissioner's Response Brief, ECF No. 15, is **DENIED**.

3.      The decision of the Commissioner is **REVERSED** and **REMANDED,** for an immediate award of benefits.

4.      Judgment shall be entered in favor of Plaintiff and against Defendant.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to file this Order, provide copies to counsel, and **close** the file.

**DATED** this 6th day of March 2026.



Stan Bastian
Chief United States District Judge

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~11